**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**ROBERT WHEELER,**
**No. 42184-060,**

**Petitioner,**

       **vs.**                         **Case No. 14-cv-659-DRH**

**JAMES CROSS,**

**Respondent.**

**<u>MEMORANDUM AND ORDER</u>**

**HERNDON, Chief District Judge:**

Petitioner Robert Wheeler is currently incarcerated in the Federal Correctional Institution at Greenville, Illinois. He is serving two consecutive life sentences after pleading guilty in 1997 to a six-count indictment for killing his wife with a car bomb. *United States v. Wheeler*, Case No. 96-cr-732 (N.D. Ohio), *aff'd* 168 F.3d 491 (6th Cir. 1998). He planted the explosives in his wife's car in Michigan (where they both resided), before she drove to her job in Toledo, Ohio. The bomb went off seconds after she got in her car to drive home at the end of her work day. She died several days later from injuries caused by the explosion.

**<u>Background</u>**

Wheeler's convictions primarily involved three federal statutes. Counts 1 and 3 charged that he "willfully, and with a reckless disregard for the safety of human life, did place and cause to be placed an explosive in" and "did damage, disable, and destroy" his wife's vehicle, "which was being used, operated and

employed in interstate commerce, thereby causing the death" of his wife, in violation of 18 U.S.C. § 33.  Count 5 was for a violation of 18 U.S.C. § 844(i), in that Wheeler "maliciously damaged and destroyed, by means of fire and explosive materials" the vehicle "used in interstate commerce thereby directly and proximately causing the death" of his wife.  Counts 2, 4, and 6 charged him with "knowingly using" a "destructive device, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States," in violation of 18 U.S.C. § 924(c), in reference to Counts 1, 3, and 5, respectively (Doc. 1, pp. 18-20; *see also* Doc. 33 in *Wheeler v. Cross*, Case No. 12-cv-618-DRH (S.D. Ill. May 31, 2013)).  He received life sentences for each count, with the concurrent sentences on Counts 1, 3, and 5 ordered to be served consecutively to the concurrent life sentences for Counts 2, 4, and 6 (Doc. 45 in criminal case).

After the conclusion of Wheeler's direct appeal, he filed a timely § 2255 motion on February 22, 2000.  It was denied in September 2000.  *Wheeler v. United States*, Case No. 00-cv-7112 (N.D. Ohio 2000).

On May 14, 2012, Wheeler filed a habeas petition in this Court pursuant to 28 U.S.C. § 2241, *Wheeler v. Cross*, Case No. 12-cv-618-DRH.  In that case, petitioner, represented by counsel, claimed that under *Jones v. United States*, 529 U.S. 848 (2000), decided on May 22, 2000, he was actually innocent of all charges because his wife's car had not been used in interstate commerce.  *Jones* held that the property destroyed or damaged in violation of 18 U.S.C. § 844(i) must itself have been used in commerce or in an activity affecting commerce.  In

*Jones*, the property in question was an owner-occupied home that received gas from an out-of-state provider, was insured by an out-of-state company, and was collateral for a loan secured by an out-of-state bank. The Supreme Court found that these "interstate" connections were insufficient to bring the home within the ambit of § 844(i), which covers property "used" in interstate commerce.[1] Wheeler argued that his wife's car was likewise not "used in commerce or in an activity affecting commerce," thus his convictions should not stand.

After considering the government's response to Wheeler's petition in Case No. 12-cv-618-DRH, the Report and Recommendation of the Magistrate Judge, petitioner's objections, and the subsequent responses, this Court denied the § 2241 petition. The undersigned Judge concluded that Wheeler failed to demonstrate that the argument he raised was foreclosed to him during his direct appeal or in his § 2255 motion (Doc. 33 in Case No. 12-cv-681-DRH, May 31, 2013). Further, his wife's use of her automobile on several occasions to drive from Michigan to her job in Ohio, earning income which she would then bring back to Michigan, showed that the car destroyed by Wheeler was actively used for commercial purposes, and that this use affected interstate commerce. Contrary to Wheeler's arguments, the car's function and its use in relation to interstate commerce brought it squarely within the definition of property covered under 18

---

[1] 18 U.S.C. § 844(i) (West 1996) provides, in pertinent part: "Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce" shall be imprisoned or fined, "and if death results to any person . . . shall also be subject to imprisonment for any term of years, or to the death penalty or to life imprisonment."

U.S.C. § 844(i).  *See Jones v. United States*, 529 U.S. 848, 849 (2000). Petitioner's claims were dismissed with prejudice.

The Seventh Circuit affirmed this Court's judgment, noting that Wheeler indeed could have presented his legal theory, including the argument based on *Jones*, in his original § 2255 motion (Doc. 50 in Case No. 12-cv-618-DRH; Appeal No. 13-2998).  The appellate court further agreed that petitioner's argument failed on the merits, because his wife's car "was actively used to affect interstate commerce." *Id*.

**The Petition**

Wheeler's new § 2241 petition again asserts that he is actually innocent of his crimes and that § 2255 is inadequate or ineffective to address his five new claims.  First, he argues that under *Castillo v. United States*, 530 U.S. 120 (2000), his sentencing for Counts 2, 4, and 6 was improper.  He was charged with violations of 18 U.S.C. § 924(c)(1), but was sentenced pursuant to § 924(i)(1). Under *Castillo*, he claims that the § 924(i)(1) penalty enhancement to death or life imprisonment was a separate offense that must be charged and proven beyond a reasonable doubt (Doc. 1, pp. 3-5).  Second, he raises another challenge based on *Jones v. United States*, 529 U.S. 848 (2000), this time focusing on the interstate commerce language in 18 U.S.C. § 33 (the basis for Counts 1 and 3) (Doc. 1, pp. 6-10).  Wheeler's third claim is similar to his first, arguing that the life-sentence enhancement to 18 U.S.C. § 33, which is found at 18 U.S.C. § 34, is an element of a separate aggravated offense with which he was not charged.  Fourth, he claims

that as applied to him, 18 U.S.C. § 33 and § 844(i) violate the Tenth Amendment, federalizing what should have been a "localized state crime" (Doc. 1, pp. 12-14). Finally, he argues that 28 U.S.C. § 2255(e) is unconstitutional as applied to him, if this Court deems that § 2255 provided him with an adequate remedy at law (Doc. 1, p. 15).

This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.  For the reasons below, the Court concludes that the petition must be dismissed pursuant to Rule 4.

**<u>Discussion</u>**

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief.  Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement."  *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien,* 216 F.3d 626, 629 (7th Cir. 2000). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998).

Under very limited circumstances, a prisoner may employ § 2241 to challenge his federal conviction or sentence.   28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention."   28 U.S.C. § 2255(e).   *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).   The fact that petitioner may be barred from bringing a second/successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy.   *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion).   Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction. "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at 611.

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions.   First, he must show that he relies on a new statutory interpretation case rather than a

constitutional case.  Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively.  Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

### Claim I:  Actual Innocence of 18 U.S.C. § 924(i)(1) Sentence

As with Wheeler's earlier § 2241 petition, this challenge to his sentences imposed on Counts 2, 4, and 6 (the 18 U.S.C. § 924(c) convictions) fails to present an argument that was foreclosed to him in his § 2255 proceeding.  As the Seventh Circuit pointed out in its order affirming this Court's dismissal of the claims in Case No. 12-cv-618-DRH, Wheeler's § 2255 motion was still pending before the trial court at the time the Supreme Court decided the case he relies on herein (Doc. 50 in 12-cv-618).  *Castillo v. United States*, 530 U.S. 120 (2000), was decided in June 2000, prior to the trial court's September 2000 denial of Wheeler's § 2255 motion, thus he could have raised his argument there in a supplemental brief.

Furthermore, *Castillo* was one in a series of several Supreme Court cases (also decided before the conclusion of Wheeler's § 2255 proceeding) which addressed the question of whether certain sentence-enhancement provisions in a statute should be construed as "sentencing factors" to be determined by a judge based on a preponderance of the evidence, or instead as separate "offense

elements" which must be charged in the indictment and determined by a jury beyond a reasonable doubt.  *See Almendarez-Torres v. United States*, 523 U.S. 224 (1998) (prior conviction is a sentencing factor that is not required to be charged in the indictment); *Jones v. United States*, 526 U.S. 227, 252 (1999)[2] (each subsection of federal carjacking statute established a separate offense specified by distinct elements (causing serious bodily injury, death, or neither), "each of which must be charged by indictment, proven beyond a reasonable doubt, and submitted to a jury for its verdict"); *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (decided on June 26, 2000) (any fact that increases a criminal penalty beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt; extended-term state sentence based on judge's factual findings violated Sixth Amendment).

Unlike the defendants in *Castillo*, *Jones* (1999), *Apprendi*, and the newer cases cited by petitioner,[3] Wheeler was not found guilty by a jury of a crime punishable by a certain sentence, and then later subjected to an enhanced sentence based on a judge's separate factual finding.   Here, the penalty enhancement came under 18 U.S.C. § 924(i)(1), which provides that a person

---

[2] The Court shall refer to this case herein as "*Jones* (1999)" in order to avoid confusion with the earlier-cited 2000 case of *Jones v. United States*, 529 U.S. 848 (2000).

[3] *United States v. Bandy*, 239 F.3d 802 (6th Cir. 2006), and *Burrage v. United States*, __U.S.__, 134 S.Ct. 881 (2014), both involved jury trials.  *Burrage* held that the jury instructions in that case did not support the imposition of an enhanced penalty absent a finding that the drug supplied by the defendant was the "but-for" cause of the victim's death.  *Bandy*, like *Castillo*, involved a judicial finding as to the type of firearm used in the crime, which resulted in an enhanced sentence under § 924(c)(1); that factual issue should have been submitted to the jury.  Petitioner also cites two unpublished cases which need not be discussed.

who, in the course of a violation of § 924(c), causes the death of a person through the use of a firearm (including an explosive device), is subject to the death penalty or to life imprisonment if the killing falls within the federal statutory definition of "murder." *See* 18 U.S.C.A. § 924(i)(1) and § 1111 (West 1996).

Wheeler pled guilty to each of the six counts of his indictment after waiving his right to a jury trial.  He was represented by counsel and was fully informed of the criminal conduct with which he was charged – he admitted that he planted a pipe bomb with a timing device in his wife's car, which destroyed the car and killed her (Doc. 1, pp. 465-51).  Before entering his plea, he fully understood that he faced a term of imprisonment up to and including consecutive life sentences (Doc. 1, pp. 35-38).  The indictments which he includes as exhibits charge him with violations of 18 U.S.C. § 924(c)(1), and do not specifically reference 18 U.S.C. § 924(i)(1) (Doc. 1, pp. 18-20).  However, they clearly charge Wheeler with all the relevant facts – using a destructive device in a crime of violence which caused the death of his wife – which triggered the application of § 924(i)(1).  He cannot now credibly claim that he was convicted of a crime for which he was never charged.

This claim could have been raised in Wheeler's § 2255 motion, and thus is not properly raised under § 2241 via the savings clause of § 2255(e).  Further, for the above reasons, it fails on the merits.

**Claim II:   Actual Innocence of Violating 18 U.S.C. § 33 and § 924(c)(1), Based on Jones v. United States**

This portion of Wheeler's petition (Doc. 1, pp. 6-10) attempts to raise again

the argument that his wife's vehicle was not used in interstate commerce, based on the decision in *Jones v. United States*, 529 U.S. 848 (2000). His claims based on *Jones* were dismissed with prejudice in Case No. 12-cv-618-DRH, and the dismissal was affirmed on appeal. This Court concluded that the car was actively "used in" interstate commerce as discussed in *Jones* (Doc. 33 in Case No. 12-cv-618). Moreover, Wheeler's arguments in this section deriving from *Jones* are based on legislative history and statutory language that was available and could have been raised in either his direct appeal or his § 2255 motion. For these reasons, Wheeler's arguments are not properly brought in this action.

### *Claim III:  Actual Innocence of Violating 18 U.S.C. § 34*

This section raises a similar argument to that in Claim I above. Wheeler contends that the trial court improperly imposed a life sentence on Counts 1 and 3 based on the enhanced penalty provision found in 18 U.S.C. § 34, when in fact Wheeler only pled guilty to violations of 18 U.S.C. § 33 (Doc. 1, pp. 10-11; 22). Wheeler again invokes *Burrage v. United States*, 134 S. Ct. 881 (2014) (see footnote 3 above), for the proposition that a death enhancement is a separate element of a crime that must be "charged and pled to or proven to a jury beyond a reasonable doubt" (Doc. 1, p. 11). This is the same principle addressed in *Jones v. United States*, 526 U.S. 227 (1999), *Castillo v. United States*, 530 U.S. 120 (2000), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

As discussed above in Claim I, Wheeler could have raised this argument in his § 2255 motion or earlier. As such, relief is not available to him under § 2241.

**_Claim IV:  Tenth Amendment Violation_**

Here, Wheeler invokes the recent Supreme Court decision in _Bond v. United States_, __ U.S. __, 134 S. Ct. 2077 (2014) ("_Bond II_"), to argue that his convictions under 18 U.S.C. § 33 and 18 U.S.C. § 844(i) for destroying "his own private, non-commercial vehicle, with a pipe bomb" violated the Tenth Amendment.   These statutes, he claims, unlawfully turned a "localized state crime" into a federal offense, and brought him into federal court for "conduct not properly subject of [sic] federal prosecution" (Doc. 1, pp. 12-13).   He further asserts that until the Supreme Court allowed Bond to raise a Tenth Amendment challenge to the federal statute under which she was convicted, an individual lacked standing to bring such a claim.  _Bond v. United States_, 131 S. Ct. 2355 (2011) ("_Bond I_") (remanding case to Third Circuit to consider Tenth Amendment claim).

_Bond II_, however, is distinguishable from Wheeler's case, and he reads it much too broadly.   In _Bond II_, the Supreme Court held that the "purely local crime" of attempting to injure a person by placing a toxic chemical on her car, mailbox, and door knob, should not be subject to prosecution under the federal law which was enacted to implement an international treaty (the international Convention on Chemical Weapons, ratified by the United States in 1997).  _Bond II_, 134 S. Ct. at 2083.   The majority concluded that Congress did not intend to intrude into traditional state authority over such matters as a simple assault, when it passed legislation to prevent chemical warfare pursuant to the treaty.

*Bond II*, 134 S. Ct. at 2093-94.

Whether or not this Court accepts Wheeler's premise that former precedent prevented him from raising a Tenth Amendment challenge to his conviction, his claim fails on the merits.  The statutes with which Wheeler takes issue were enacted pursuant to Congress' authority to regulate interstate commerce, a power specifically delegated to that body in the Constitution.  U.S. CONST. art. I, § 8.  The Tenth Amendment did not invalidate the Commerce Clause, as Wheeler's argument implies.  His claim that he should have been subject to prosecution only under Ohio state statutes prohibiting arson, and not under the federal statutes, merely raises another facet of his "interstate commerce" challenge.  As discussed above, this Court and the Seventh Circuit conclusively determined that the car Wheeler destroyed with the pipe bomb was used in and affected interstate commerce.  The statutes under which he was charged do not exceed Congress' legislative authority.  They do not violate the Tenth Amendment either in general or as applied to Wheeler.

### *Claim V:  28 U.S.C. § 2255(e) is Unconstitutional as Applied*

Here, Wheeler argues that if this Court determines that he had an adequate and effective opportunity to present his claims under § 2255, and thus cannot bring them in this action under the "savings clause" of § 2255(e), then § 2255(e) must be an unconstitutional limitation on his right to petition the government (Doc. 1, p. 15).

The Seventh Circuit has upheld and explained the application of the

"savings clause" found at 28 U.S.C. § 2255(e) in a number of cases, some of which are discussed above.  *In re Davenport*, 147 F.3d 605 (1998), in particular, discussed the history of § 2255 and the savings clause.  Suffice it to say that § 2255 has withstood constitutional challenges.  Wheeler's argument, premised on the First Amendment, has no merit.

**<u>Disposition</u>**

To summarize, Wheeler has not demonstrated that § 2255 is an inadequate remedy for his current claims, and consistent with *In re Davenport*, he cannot raise these claims through a § 2241 petition.  *Davenport*, 147 F.3d 605.  Further, the petition contains some claims that were dismissed with prejudice in *Wheeler v. Cross*, Case No. 12-cv-618-DRH, and are thus barred from being raised anew in this action.  Accordingly, the petition is summarily **DISMISSED** on the merits with prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan*

*v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[4]  It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition.  *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 7th day of July, 2014.

Digitally signed by David R. Herndon
Date: 2014.07.07 10:09:37 -05'00'

**Chief Judge**
**United States District Court**

---

[4] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  FED. R. CIV. P. 59(e).